| | | |
|---|---|---|
| KINETECH, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:14-cv-00574-DKL-TWP |
| | ) | |
| WILLIAMS & LAKE, LLC, | ) | |
| LOREN LEMCKE, | ) | |
| BRAD DORSEY, | ) | |
| KEVIN REED, | ) | |
| SHARP DIVERSIFIED, LLC, | ) | |
| JAMES CONINE, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the *Motion to Dismiss* filed by Defendants Loren Lemcke, Brad Dorsey, Sharp Diversified, LLC and James Conine (collectively referred to as the "Named Defendants"). [Dkt. 48.] The Named Defendants assert the Court lacks personal jurisdiction over them and seek dismissal of the action pursuant to Federal Rule of Civil Procedure 12(b)(2). For the reasons set forth below, the Court **GRANTS** the Named Defendants' Motion.

### I.    Background

Plaintiff, Kinetech, LLC, is an Indiana company that markets and sells Pulse, an aftermarket auto accessory that acts as a rear-end collision deterrent by pulsing the third brake lights on automobiles whenever the brake pedal is pressed. [Dkt. 1 at ¶10.] Defendant Williams & Lake ("W&L") owns two patents that W&L believes apply to

Pulse. [Dkt. 11.] Plaintiff alleges that W&L and its agents (including Named Defendants), contacted auto dealerships to whom Plaintiff sold Pulse and made false and disparaging statements about Plaintiff in an attempt to gain business. [Dkt. 1 at ¶13.] On April 14, 2014, Plaintiff filed this action, asserting claims for tortious interference with a business relationship, defamation, deception and unfair competition.

The Named Defendants in this Motion maintain they lack the sufficient minimum contacts with the state of Indiana for this Court to have personal jurisdiction. W&L, not a party to this Motion, is located in and organized under the laws of the state of Arizona. Plaintiff asserts W&L does business in the state of Indiana. Defendants Lemcke and Dorsey are residents of Arizona and agents of W&L. Each assert that they have no contacts or business relationships within the state of Indiana either as individuals or as agents of W&L. [Dkt. 49-1 and 49-2.]

Sharp Diversified is located in and organized under the laws of the state of Texas. Plaintiff does not assert Sharp Diversified does business in Indiana and Sharp Diversified expressly denies it does business in Indiana. Conine is a Texas resident and agent of Sharp Diversified. Conine asserts he has no contacts or business relationships within the state of Indiana either as an individual or as an agent of Sharp Diversified. [Dkt. 49-3.]

In the absence of any connection to Indiana, the Named Defendants assert the Court's exercise of jurisdiction would be improper. Plaintiff argues personal jurisdiction exists based upon the Named Defendants' tortious conduct, which was targeted at Plaintiff in Indiana, and its effects which were sustained in Indiana.

## II.    **Personal Jurisdiction**

The federal test for personal jurisdiction under the Due Process Clause of Fourteenth Amendment authorizes a court to exercise jurisdiction over a non-resident defendant only if the defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' " *Int'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945).  In other words, "it is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). The requirement that a defendant have "minimum contacts" with the forum ensures that a non-resident defendant will not be forced to litigate in a jurisdiction as a result of "random, fortuitous, or attenuated contacts" with the forum or the unilateral activity of the plaintiff; the defendant "should reasonably anticipate being haled into court" there. *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 474–75 (1985).

Personal jurisdiction can be general or specific, depending upon the nature of the defendant's contact with the forum state.  General jurisdiction requires the defendant's contacts to be "continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall,* 466 U.S. 408, 416 (1984).  Specific jurisdiction requires that the "litigation results from alleged injuries that 'arise out of or relate to' those activities" the "defendant has 'purposefully directed'" at the forum. *Burger King*, 471 U.S. at 472.  In either case, Plaintiff bears the burden of demonstrating personal jurisdiction exists. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010).  The court resolves any conflicts in affidavits or other

supporting materials in the plaintiff's favor. However, once the defendant has submitted affidavits or other evidence in opposition to the exercise of jurisdiction, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 783 (7th Cir. 2003).

Here, Plaintiff asserts the Named Defendants have the necessary "minimum contacts" to create specific jurisdiction.[1] For a state to exercise specific jurisdiction, the defendant's "suit-related conduct must create a substantial connection with the forum state." *Walden v. Fiore*, 134 S.Ct. 1115, 1121 (2014). Plaintiff alleges this substantial connection exists because the Named Defendants committed several intentional torts that were targeted at Plaintiff in Indiana and the effects were sustained in Indiana. The Seventh Circuit and the Supreme Court have held that "constitutionally sufficient contacts can be imputed to a defendant if the defendant is accused of committing an intentional tort by actions that are 'expressly aimed' at the forum state." *Mobile Anesthesiologists Chi., LLC v. Anesthesia Assocs. of Houston Metroplex, P.A.,* 623 F.3d 440, 444 (7th Cir. 2010); *see also Walden*, 134 S.Ct. 1115 (2014). The Seventh Circuit has characterized this inquiry as the "express-aiming" test and explained that it requires (1) intentional conduct (or intentional and allegedly tortious conduct); (2) expressly aimed at the forum state; (3) with the defendant's knowledge that the effects would be felt (plaintiff would

---

[1] The Named Defendants initially argued the Court lacked both general and specific jurisdiction. In its response brief, Plaintiff conceded the Court does not have general personal jurisdiction over Named Defendants and argued only specific jurisdiction. [Dkt. 56 at 2.]

be injured) in the forum state.  *Mobile Anesthesiologists Chi.*, 623 F.3d at 445 n.1.  But the "express-aiming" test cannot be met simply with allegations of injuries to plaintiff in the forum state.  "Something more" is needed.  *uBid, Inc. v. GoDaddy Group, Inc.*, 623 F.3d 421, 427, n.1 (7th Cir. 2010).

Whether "something more" than alleged injuries in Indiana exists to support personal jurisdiction in this case is the inquiry before the Court.

**III.**   **Discussion**

The parties draw comparisons to the fact patterns in two United States Supreme Court cases:  *Calder v. Jones*, 465 U.S. 783 (1984), in which the Court determined personal jurisdiction existed, and *Walden v. Fiore*, 134 S.Ct. 1115 (2014), in which the Court determined it did not.  In *Calder*, plaintiff sued the National Enquirer and related defendants for allegedly publishing a libelous article about plaintiff.  The Enquirer is based in Florida, and the article was written and published there.  But 600,000 copies of the issue were sold in California, where plaintiff lived.  In addition, defendants relied upon California sources in the article, which focused on plaintiff's activities in California.  "In sum, California [wa]s the focal point of both the story and of the harm suffered."  *See Calder*, 465 U.S. 785-89.  The Court held jurisdiction in California to be proper because defendants' "intentional conduct in Florida calculated to cause injury to respondent in California."  *Id.* at 791.

Conversely, in *Walden,* none of the jurisdictionally relevant activities occurred in the forum state.  Walden, a DEA agent at the Atlanta Hartsfield-Jackson airport, seized cash from Fiore, a professional gambler and Nevada resident.  Fiore later sued Walden

in Nevada. The Court found the seizure of cash in Georgia did not establish a basis to exercise personal jurisdiction in Nevada. The Court stated, "[I]t is the defendant, not the plaintiff or third parties, who must create contacts with the forum State. In this case, the application of those principles is clear: Petitioner's relevant conduct occurred entirely in Georgia, and the mere fact that his conduct affected plaintiffs with connections to the forum State does not suffice to authorize jurisdiction." *Walden*, 134 S.Ct. at 1126.

Plaintiff argues the facts in this case more resemble those in *Calder* because the Named Defendants' tortious conduct caused reputational damage to Plaintiff in Indiana. But Plaintiff fails to address the Seventh Circuit's requirement of "something more." Something more existed in *Calder*: the reputational injury caused by the article distributed to 600,000 residents of California connected the defendants to *California*, not just to the plaintiff. *See Walden*, 134 S. Ct. at 1123-24. There are no such comparable facts here. Plaintiff alleges the Named Defendants made defamatory statements that harmed Plaintiff in Indiana. Plaintiff does not specifically identify what statements were made; nor does Plaintiff allege the statements were either made or heard in Indiana. The alleged statements certainly were not published and circulated among 600,000 residents of Indiana. As the Court stated in *Walden*:

> Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State. The proper question is not where the plaintiff experienced a particular injury or effect but whether the defendant's conduct connects him to the forum in a meaningful way.

*Walden,* 134 S. Ct. at 1125.

Plaintiff has failed to show that the Named Defendants' conduct connected them to Indiana in any meaningful way. It was Plaintiff's burden to go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Tamburo v. Dworkin*, 601 F.3d 693, 700 (7th Cir. 2010). Allegations of vague statements that harmed Plaintiff in Indiana do not create the necessary contacts with Indiana for this Court to exercise personal jurisdiction over the Named Defendants in this Motion.

Finally, Plaintiff also asserts an argument for specific jurisdiction based upon an alleged conspiracy between the non-resident Named Defendants and W&L. This "conspiracy theory" of personal jurisdiction may succeed in cases involving an actionable conspiracy claim. *See United Phosphorus, Ltd. v. Angus Chem. Co.*, 43 F. Supp. 2d 904, 912 (N.D. Ill. 1999). However, a conspiracy cannot legally exist between a corporation and its employees or agents. *See Payton v. Rush-Presbyterian-St. Luke's Medical Center*, 184 F.3d 623, 632 (7th Cir. 1999). Plaintiff alleges each of the Named Defendants are either employees or agents of W&L and conspired with W&L to harm Plaintiff in Indiana. [Dkt. 33 at ¶¶ 3, 4, 6, 7 and 43.] Consequently, Plaintiff's argument for jurisdiction based upon an alleged conspiracy between W&L and the non-resident Named Defendants is without merit.

# IV.    Conclusion

Based on the foregoing, the Court **GRANTS** *Defendants' Motion to Dismiss* for lack

of personal jurisdiction.   [Dkt. 48.]   Defendants Loren Lemcke, Brad Dorsey, Sharp

Diversified LLC and James Conine are hereby dismissed from this action.


December 3, 2014

Denise K. LaRue
United States Magistrate Judge
Southern District of Indiana



Distribution:

Jacob R. Cox
COX LAW OFFICE
jcox@coxlaw.org

Nicole Keller
COX LAW OFFICE
nkeller@coxlaw.org

Eric S. Jungbauer
DURBIN JUNGBAUER LLC
eric@djattorneys.com

Robert David Epstein
EPSTEIN COHEN DONAHOE & MENDES
rdepstein@aol.com

Bradshaw Rost
TENENBAUM & SAAS, P.C.
brost@tspclaw.com